NOT FOR PUBLICATION

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

|  |  |  |
|---|---|---|
| SIDNEY KAIRAWALA, | : | |
|  | : | |
| Plaintiff, | : | |
|  | : | Civil Action No. 09-0398 (JAP) |
| v. | : | |
|  | : | |
| GE AVIATION, f/k/a SMITH'S | : | OPINION |
| AEROSPACE; JOHN DOES (1-10); | : | |
| ABC CORP., and XYZ CORP. | : | |
|  | : | |
| Defendants. | : | |

Before the Court is a motion by Defendant GE Aviation Systems, LLC ("GE") to dismiss Counts Two, Three, and Four[1] of Plaintiff Sidney Kairawala's Complaint alleging employment discrimination and breach of contract. For the reasons stated below, GE's motion is granted.

**I.      Background**[2]

Kairawala filed the instant four-count Complaint in the Superior Court of New Jersey, Somerset County, in December 2008. GE subsequently removed the action to this court on the basis of diversity of citizenship jurisdiction pursuant to 28 U.S.C. § 1332 later that month.

---

[1]     GE has withdrawn the portion of its motion to dismiss Kairawala's complaint based on deficient service of process. *See* Docket Entry No. 19.

[2]     In addressing Defendant's motion to dismiss, the Court must accept as true the allegations contained in the Complaint. *See Toys "R" US, Inc. v. Step Two, S.A.*, 318 F.3d 446, 457 (3d Cir. 2003); *Dayhoff, Inc. v. H.J. Heinz Co.*, 86 F.3d 1287, 1301 (3d Cir. 1996). Accordingly, the facts recited herein are taken from the Complaint, and do not represent this Court's factual findings.

Kairawala was employed for GE and its predecessor corporations from 1983 through August 31, 2007 as a member of the Quality Control Department. Beginning sometime in 2002, Kairawala began experiencing problems with his foot.

On August 13, 2007, GE informed Kairawala that he would be placed on suspension for accepting an incorrect bearing from a supplier. This suspension was scheduled to last ten days, commencing on August 21, with Kairawala returning to work on August 28, 2007. Kairawala requested permission to use the ten days to visit his ailing mother in India. The company obliged.

During his travels, Kairawala's foot swelled up and he underwent surgery on his foot while in India. He telephoned his daughter and asked her to inform his employers of his medical condition. At GE's request, Kairawala also had his daughter fax documentation regarding his surgery to his employer. However, on August 31, 2007, Kairawala was sent a letter by GE terminating his employment, stating,

> Sometime before August 28, 2007, a relative called us to say that you needed <u>emergency</u> foot surgery. She was told by me that we needed medical certification supporting this emergency. To date, we have received an illgible fax with unnecessary medical information and bills, but no information to support your claim to be in need of <u>emergency</u> foot surgery.

(Compl., Stmt. of Facts, ¶ 8.)

Plaintiff then filed suit alleging that GE terminated his employment on the basis of age, national origin and handicap discrimination, in violation of the New Jersey Law Against Discrimination ("NJLAD") and other common law principles. He seeks lost wages and benefits, compensatory damages, punitive damages, and attorneys' fees and costs. Count One of Plaintiff's Complaint is predicated on the NJLAD. In Count Two, a common law breach of

contract claim, alleging that GE breached "an implied employment contract" by discharging Plaintiff on the basis of age, national origin, and handicap discrimination.  Count Three appears to be a claim for intentional infliction of emotional distress based on GE's termination of Plaintiff purportedly due to improper discrimination.  Finally, Count Four seeks punitive damages, stating, "[GE's] action in permitting age, national origin and handicap discrimination, and breach of employment contract to be suffered by the plaintiff is conduct that is willful, wanton, reckless, malicious and wrongful and done willfully and with intent to harm the plaintiff."  (Compl., Count Four, ¶ 2.)  GE moves to dismiss Counts Two, Three, and Four because they are all duplicative of his NJLAD claim.

## II.     Discussion

### A.     Standard of Review Under 12(b)(6)

Under Federal Rule of Civil Procedure 12(b)(6), a court may grant a motion to dismiss if the complaint fails to state a claim upon which relief can be granted.  Recently, the Supreme Court refashioned the standard for addressing a motion to dismiss under Rule 12(b)(6).  *See Bell Atl. Corp. v. Twombly,* 127 S. Ct. 1955, 1969 (2007).  The *Twombly* Court stated that, "[w]hile a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, ... a plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do[.]"  *Id.* at 1964-65 (internal citations omitted); *see also Baraka v. McGreevey,* 481 F.3d 187, 195 (3d Cir. 2007) (stating that standard of review for motion to dismiss does not require courts to accept as true "unsupported conclusions and unwarranted inferences" or "legal conclusion[s] couched as factual allegation[s]" (internal quotation marks

omitted)). Therefore, for a complaint to withstand a motion to dismiss under Rule 12(b)(6), the "[f]actual allegations must be enough to raise a right to relief above the speculative level, ... on the assumption that all the allegations in the complaint are true (even if doubtful in fact)..." *Twombly*, 127 S. Ct. at 1965 (internal citations and footnote omitted).

    **B.**    **Analysis**

The NJLAD protects employees against workplace discrimination on the basis of, *inter alia*, race, age, gender, and national origin. Courts in this State have routinely held that supplementary common law causes of action are barred when a statutory remedy under NJLAD exists. *See, e.g., Catalane v. Gilian Instrument Corp.*, 271 N.J. Super. 476, 492 (App. Div. 1994). Exempted from this bar are only those common law claims that would "vindicate particular interests in addition to or aside from those sought to be protected by a [NJ]LAD action." *Shaner v. Horizon Bancorp.*, 116 N.J. 433, 454 (1989). Therefore, common law claims that duplicate asserted NJLAD claims are preempted.

The Court finds that Count Two of Kairawala's Complaint is based on the same facts as, and is thus duplicative of, his NJLAD claim in Count One. Kairawala alleges in Count Two that GE breached an implied employment contract, based on an employee handbook, between itself and Kairawala by terminating his employment in violation of an implied provision of the implied contract that GE would not discriminate against Kairawala on the basis of a protected ground. Kairawala alleges that this breach consisted of GE treating him in a discriminatory fashion – the same conduct complained of in his NJLAD claim. Additionally, as GE has pointed out, the relief Kairawala seeks in Count Two is identical to that sought for Count One. Taken together, this Court is persuaded that Kairawala's common law breach of contract claim does not seek to

vindicate any interests that are separate and apart from those that will be protected by his NJLAD claim. *See, e.g., DeCapua v. Bell Atlantic-New Jersey, Inc.*, 313 N.J. Super. 110, 127-28 (Law Div. 1998); *DiMare v. Metlife Insurance Co.*, 2008 WL 2276007 (D.N.J. June 2, 2008).  In response to Plaintiff's argument regarding the applicability of the *Woolley* doctrine regarding implied contract claims, the Court notes that such implied contract claims are treated the same for NJLAD preemption purposes.  Therefore, the fact Plaintiff is pursuing breach of an implied contract theory, as opposed to one premised on the existence of an express contract, is immaterial to this Court's dismissal of his common law contract claim.

GE moves to dismiss Counts Three and Four for failure to state claims upon which relief can be granted.  Specifically, GE contends that Count Three, which appears to assert an intentional infliction of emotional distress claim, and Count Four, a punitive damages claim, contain allegations that "merely describe the injuries that Plaintiff allegedly suffered as a result of the alleged discriminatory conduct" that formed the basis of Kairawala's NJLAD claim.  (GE Br. at 18.)  In addition, GE argues that to the extent Counts Three and Four articulate cognizable causes of action, they are both preempted by NJLAD as they seek duplicative relief.  Plaintiff only tepidly opposes dismissal on these grounds, conceding that "[i]t is correct that these types of relief are embodied in the [NJLAD] and this relief can be obtained under Count One" of the Complaint.  (Opp'n Br. at 4.)  Plaintiff seems to suggest that the viability of Counts Three and Four are dependent on this Court permitting his common law breach of contract claim to proceed past the dismissal stage.  As discussed above, Kairawala's common law contract claim is dismissed as preempted by the NJLAD.  Therefore, to the extent Counts Three and Four are dependent on Count Two, they are hereby dismissed.  In addition, this Court finds that the

NJLAD also preempts Kairawala's claim for intentional infliction of emotional distress. *See, e.g. DiMare*, 2008 WL 2276007 at *4 (dismissing plaintiff's intentional infliction of emotional distress claim as preempted by the NJLAD where "Plaintiff [sought] to be compensated for the same wrongs alleged in Count I of the complaint for violations under the NJLAD" and where plaintiff's emotional distress claim contained no additional allegations but only stated, conclusorily, that defendant's conduct was extreme and outrageous).

### III. Conclusion

For the reasons set forth above, Counts Two, Three, and Four of Plaintiff Sidney Kairawala's Complaint are hereby dismissed. An appropriate Order accompanies this Opinion.


Dated: July 7, 2009                                                         /s/     JOEL A. PISANO
                                                                            United States District Judge